

**MEMO ENDORSED**

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

March 21, 2022

**VIA ECF**
The Honorable Nelson S. Roman
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/25/2022
```

    Re:    *Brunson-Malone v. United States of America.,* 7:21 Civ. 9665 (NSR)

Dear Judge Roman:

    I represent defendant United States of America (the "Government"), in the above-captioned action brought by plaintiff Tanisha Brunson-Malone ("Plaintiff") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), arising out of an alleged slip and fall at the James J. Peters VA Hospital ("VA Hospital") in the Bronx. I write in accordance with Rule 3.A of Your Honor's Individual Rules of Practice in Civil Cases to respectfully request a pre-motion conference concerning the Government's anticipated motion to stay this action.

    The alleged incident that forms the basis for Plaintiff's FTCA action occurred on March 18, 2021, outside of the bathroom at the VA Hospital. (*See* ECF No. 1 ("Compl.") ¶ 10). At that time, Plaintiff was a Department of Veterans Affairs ("VA") Without Compensation appointee ("WOC") working on a VA-supervised medical research project at the VA Hospital. (*See* Declaration of Adam Calendrillo ("Calendrillo Decl.") ¶ 4). The U.S. Department of Labor ("DOL") Office of Workers' Compensation Programs has made a preliminary determination that Plaintiff may be covered under § 8101(1)(B) of the Federal Employee Compensation Act ("FECA"), which provides workers compensation benefits to individuals rendering personal service to the United States similar to those of an employee, without compensation and pursuant to statutory authority. (Calendrillo Decl. ¶ 5). Accordingly, while Plaintiff has not yet filed a claim pursuant to FECA based upon the March 18, 2021 incident, she may be entitled to coverage thereupon. (*Id*. at ¶¶ 3, 5).

    Plaintiff's FTCA action should be stayed because where FECA applies, it provides an exclusive remedy against the federal government for work-related injuries. 5 U.S.C. § 8116(c) ("The liability of the United States … with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States … because of the injury or death in a direct judicial proceeding, in a civil action … or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute[.]"); *Smith v. Brown*, 296 F. Supp. 3d 648, 660 (S.D.N.Y. 2017) ("[W]hen a federal employee is injured on the job, FECA provides the exclusive remedy.") (citing *Mathirampuzha v. Potter*, 548 F.3d 70, 80 (2d Cir. 2008) ("When the

tort victim is also a federal employee, however, work-related injuries are compensable only under the FECA."); *Votteler v. United States*, 904 F.2d 128, 130 (2d Cir. 1990) ("FECA is the exclusive remedy for work-related injuries sustained by federal employees.")).

As the Supreme Court has explained:

> FECA's exclusive liability provision . . . was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that have been enacted to waive the Government's sovereign immunity. In enacting this provision, Congress adopted the principal compromise-the "quid pro quo"-commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government.

*Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193–94 (1983).

Further, "FECA contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary of Labor's determination of FECA coverage." *Gill v. United States*, 471 F.3d 204, 206 (1st Cir. 2006) *cert. denied*, 128 S. Ct. 45 (2007) (quoting *Sw. Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991)); *see also Wallace v. United States*, 669 F.2d 947, 951 (4th Cir. 1982). Accordingly, "where there is a substantial question of FECA coverage—indeed, unless it is certain that the FECA does not cover the type of claim at issue—[a] district court may not entertain the FTCA claim." *Mathirampuzha*, 548 F.3d at 81; *accord Tippets v. United States*, 308 F.3d 1091, 1094 (10th Cir. 2002) (where there is a substantial question of FECA coverage, the district court lacks jurisdiction pending a determination by the Secretary of Labor); *Noble v. United States*, 216 F.3d 1229, 1235 (11th Cir. 2000).

In other words, "'[a] substantial question exists unless it is *certain* that the Secretary would not find coverage.'" *Doe v. United States*, 914 F. Supp. 945, 949 (W.D.N.Y. 1996) (emphasis in original) (quoting *Bruni v. United States*, 964 F.2d 76, 79 (1st Cir. 1992)); *accord, e.g., Mathirampuzha,* 548 F.3d at 81; *Gill*, 471 F.3d at 207; *White v. United States*, 143 F.3d 232, 234 (5th Cir. 1998) ("Only if we are certain that the Secretary of Labor would conclude that the employee's injuries do not present a substantial question of coverage under FECA may we entertain the…FTCA claim."). Only where a substantial question no longer exists, and the Secretary of Labor has determined that a claimant's injury falls outside the class of injuries the FECA is intended to redress, may a plaintiff pursue a FTCA case for those injuries. *See, e.g., Mathirampuzha,* 548 F.3d at 81; *Bruni*, 964 F.2d at 80.

As detailed in the Calendrillo Declaration and accompany memorandum, the DOL has already determined that "there is a significant possibility" that Plaintiff is covered by FECA for her injuries related to the alleged March 18, 2021 incident. (Calendrillo Decl. ¶ 5). Specifically, the DOL has determined that many of the factors used to determine whether an individual may be considered a covered FECA employee cut in favor of a finding that Plaintiff is covered by the statute: she worked on a VA-run research project; she was supervised by a VA employee; she was

assigned to work for the VA for a period of at least two years; and the VA Directive that discusses the nature of WOC appointments like hers indicates that it was the intention of the VA that such WOC's be covered by the FECA. (*See generally*, Calendrillo Decl. Ex. 1).

The Second Circuit has held that when a substantial question of FECA coverage exists with respect to a pending FTCA action, "the proper course [is]…to stay the [FTCA] proceedings, hold the claim in abeyance, or otherwise maintain the case on the court's inactive docket so that the plaintiff [may] file a FECA claim and await a determination by the Secretary regarding FECA coverage." *Mathirampuzha*, 548 F.3d at 81; *see also McDaniel v. United States*, 970 F.2d 194, 198 (6th Cir. 1992) ("[W]henever an issue arises as to whether an injury was in the performance of an employee's duty, the courts will stay proceedings pending the final decision of the Secretary."); *Farley v. United States,* 162 F.3d 613, 616 (10th Cir. 1998) ("[A] substantial question as to coverage exists and the Tort Claims Act action must be stayed pending a coverage determination by the Secretary.").

Accordingly, the Government requests that the Court grant Plaintiff a period of time that the Court deems reasonable to file a FECA claim and thereby satisfy one of the preconditions of bringing this FTCA suit. *See Bruni*, 964 F.2d at 79 (an employee bringing an FTCA claim "must first seek and be denied relief under the FECA unless his/her injuries do not present a substantial question of compensability under [the FECA].") (citing *Somma v. United States*, 283 F.2d 149, 151 (3d Cir. 1960)).

If Plaintiff submits a FECA claim, the Government offers to: (1) subsequently file with the Court a report every 90 days regarding the status of Plaintiff's FECA claim; and (2) provide the Court prompt notice of the Secretary of Labor's decision on Plaintiff's claim. Courts have employed similar measures to manage FTCA cases stayed pending the filing and resolution of a FECA claim. *E.g., Hayden v. United States*, No. 2:08 Civ. 108, 2009 WL 128859, at *3 (E.D. Tenn. Jan. 16, 2009); *McNabb v. United States*, No. 4:06 Civ. 0056-RBH, 2007 WL 963960, at *3 (D.S.C. Mar. 28, 2007). If Plaintiff fails to file a FECA claim by any Court imposed deadline, the Government may move to dismiss this action, pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

I thank the Court for its consideration of this request.

Respectfully,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By: */s/ Tara Schwartz*
TARA SCHWARTZ
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2633
Email: tara.schwartz@usdoj.gov

The Government's request for a conference is denied and the pre-motion conference requirement is waived. The Government is granted leave to file the proposed motion with the following briefing schedule: The Government's moving papers shall be served (not filed) on or before April 25, 2022; Plaintiff's opposition papers shall be served (not filed) on or before May 25, 2022; the Government's reply papers shall be served on or before June 9, 2022.

All motion documents shall be filed on the reply date, June 9, 2022. The parties are directed to mail two courtesy copies of their motion documents to Chambers as they are served. The Clerk of the Court is kindly directed to terminate the motion at ECF No. 7.

Dated: March 25, 2022
      White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

4