

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

July 25, 2022

**MEMO ENDORSED.**

**VIA ECF**
The Honorable Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re:  *Brunson-Malone v. United States of America,* 21 Civ. 9665 (LAK) (OTW)

Dear Judge Wang:

    I represent defendant United States of America (the "Government"), in the above-captioned action brought by plaintiff Tanisha Brunson-Malone ("Plaintiff") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), arising out of an alleged slip and fall at the James J. Peters VA Hospital ("VA Hospital") in the Bronx.  I write on behalf of both parties to this action to provide the Court with a status update in accordance with the parties' April 26, 2022 stipulation and order and request that the Court extend the stay of this action for 90 days, or until October 24, 2022.  (*See* ECF No. 14)

    As outlined in the Government's pre-motion letter, at the time of the alleged incident that forms the basis for Plaintiff's FTCA action she was a Department of Veterans Affairs ("VA") Without Compensation appointee ("WOC") working on a VA-supervised medical research project at the VA Hospital.  (*See* ECF No. 7 (Declaration of Adam Calendrillo ("Calendrillo Decl.") ¶ 4)).  Given her position at the VA Hospital at the time of the alleged incident, the U.S. Department of Labor ("DOL") Office of Workers' Compensation Programs has made a preliminary determination that Plaintiff may be covered under § 8101(1)(B) of the Federal Employee Compensation Act ("FECA") for injuries resulting from the incident.  (*See id.*).

    To the extent Plaintiff is indeed covered under FECA, she is not entitled to bring an FTCA action.  5 U.S.C. § 8116(c); *see Smith v. Brown*, 296 F. Supp. 3d 648, 660 (S.D.N.Y. 2017).  Thus, on April 26, 2022, the parties entered a stipulation to stay the instant FTCA action for 90 days in order to give Plaintiff time to file a FECA claim and for the DOL to make a final determination about Plaintiff's coverage under FECA.  (*See* ECF No. 14).  The parties also agreed to submit a status update to the Court on or before July 25, 2022, regarding whether the Plaintiff had filed a FECA claim and whether the DOL had rendered a determination of coverage thereupon.  (*Id.*).

    Plaintiff has not submitted a FECA claim to the DOL to date.  However, her counsel has indicated that she plans to do as much.  Accordingly, the parties respectfully request that the Court stay this action for another 90 days, or until October 24, 2022, during which time Plaintiff will file

a FECA claim. Should Plaintiff not file a FECA claim by October 24, 2022, the Government will move to dismiss for failure to prosecute this action pursuant to Federal Rule of Civil Procedure 41(b).

      We thank the Court for its consideration of this request.

Respectfully,

DAMIAN WILLIAMS  
United States Attorney  
Southern District of New York

By:     /s/ Tara Schwartz  
TARA SCHWARTZ  
Assistant United States Attorney  
86 Chambers Street, Third Floor  
New York, New York 10007  
Tel.: (212) 637-2633  
Email: tara.schwartz@usdoj.gov

---

Application **GRANTED**. The case is stayed until October 24, 2022. The parties shall file a joint status letter by **October 21, 2022**.

**SO ORDERED.**

_____  
Ona T. Wang                              7/27/22  
U.S.M.J.