

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

October 23, 2023

**VIA ECF**
The Honorable Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

## **MEMO ENDORSED.**

      Re:    *Brunson-Malone v. United States of America,* 21 Civ. 9665 (LAK) (OTW)

Dear Judge Wang:

      Our Office represents defendant United States of America (the "Government"), in the above-captioned action brought by plaintiff Tanisha Brunson-Malone ("Plaintiff") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), arising out of an alleged slip and fall at the James J. Peters VA Hospital ("VA Hospital") in the Bronx. I write on behalf of both parties to this action, which is currently stayed, to provide the Court with a status update pursuant the Court's July 26, 2023 order. (ECF No. 25).

      As outlined in the Government's pre-motion letter, at the time of the alleged incident that forms the basis for this FTCA action, Plaintiff was a Department of Veterans Affairs ("VA") Without Compensation appointee working on a VA-supervised medical research project at the VA Hospital. (*See* ECF No. 7 (Declaration of Adam Calendrillo ("Calendrillo Decl.") ¶ 4)). Given her position at the VA Hospital at the time of the alleged incident, the U.S. Department of Labor ("DOL") Office of Workers' Compensation Programs has made a preliminary determination that Plaintiff may be covered under § 8101(1)(B) of the Federal Employee Compensation Act ("FECA") for injuries resulting from the incident. (*See id.*).

      To the extent Plaintiff is covered under FECA, she is not entitled to bring an FTCA action. 5 U.S.C. § 8116(c); *see Smith v. Brown*, 296 F. Supp. 3d 648, 660 (S.D.N.Y. 2017). Thus, on April 26, 2022, the parties entered a stipulation to stay the instant FTCA action for 90 days to give Plaintiff time to file a FECA claim and for the DOL to make a final determination about Plaintiff's coverage under FECA. (*See* ECF No. 14). The parties also agreed to submit a status update to the Court on or before July 25, 2022, regarding whether the Plaintiff had filed a FECA claim and whether the DOL had rendered a determination of coverage thereupon. (*Id.*).

      On July 25, 2022, the parties notified the Court that Plaintiff had still not submitted a FECA claim to the DOL and requested that the action be stayed for an additional 90 days, or until October 24, 2022, to give Plaintiff time to file her FECA claim. (*See* ECF No. 15). In that letter, the Government also warned Plaintiff that if she did not file a FECA claim by October 24, 2022, the Government would move to dismiss for failure to prosecute the action pursuant to Federal Rule of

Civil Procedure 41(b).  (*See id*.).  On October 21, 2022, January 19, 2023, and again on April 28, 2023, the parties notified the Court that Plaintiff still had not submitted a FECA claim to the DOL, and requested additional 90-day extensions to stay the action, which the Court granted.  (ECF Nos. 18, 21, 23).

In the parties' April 28, 2023 update to the Court, the parties stated that the Plaintiff's attorney who had been handling the case previously had left the firm, and that the attorney who would be handling the case going forward would work promptly to submit a FECA claim.  (ECF No. 22).

After that, counsel for the Government was notified that that attorney was no longer handling Plaintiff's case and it had been reassigned to a new (third) attorney.  (See ECF No. 24 at 2).  On July 21, 2023, Plaintiff's new attorney notified the Government that Plaintiff had taken steps to file her FECA claim and would do so promptly.  (*See id*.).  Accordingly, on July 24, 2023, the Government consented to an additional 90 day stay of this action.  (*Id*.).

On October 17, 2023, Plaintiff's counsel requested an additional 90 days to file a FECA claim.  He has represented that he will be filing the requisite FECA application forthwith.  Accordingly, light of counsel's representations, the Government consents to another 90-day stay of this action, and accordingly, the parties respectfully request that the Court stay this action until January 24, 2023.  The Government notes, however, that if Plaintiff continues to delay and fails to file the requisite FECA application, the Government intends move for dismissal.

We thank the Court for its consideration of this request.

The parties' request for a further stay of this action is **GRANTED until December 15, 2023**.
**NO FURTHER EXTENSIONS.**

**SO ORDERED.**

_____
Ona T. Wang          10/23/23
U.S.M.J.

Respectfully,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By:  */s/ Tara Schwartz*_____
TARA SCHWARTZ
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2633
Email: Tara.Schwartz@usdoj.gov

cc: Plaintiffs' Counsel of Record (By ECF)
    Joshua Greenberg, Esq. (By Email)