
**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*
*86 Chambers Street*
*New York, New York 10007*

April 15, 2024

**VIA ECF**
The Honorable Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

**MEMO ENDORSED.**

    Re:    *Brunson-Malone v. United States of America,* 21 Civ. 9665 (LAK) (OTW)

Dear Judge Wang:

    Our Office represents defendant United States of America (the "Government"), in the above-captioned action brought by plaintiff Tanisha Brunson-Malone ("Plaintiff") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), arising out of an alleged slip and fall at the James J. Peters VA Hospital ("VA Hospital") in the Bronx. I write on behalf of both parties to this action, further to the parties' February 16, 2024 letter (ECF No. 30) requesting a 60-day stay of this action, and the Court's February 20, 2024 endorsement thereof (ECF No. 31), to request a 30-day extension of the stay of this action, until May 16, 2024.

    As outlined in the Government's pre-motion letter filed on March 21, 2022 (ECF No. 7), at the time of the alleged incident that forms the basis for this FTCA action, Plaintiff was a Department of Veterans Affairs ("VA") Without Compensation appointee working on a VA-supervised medical research project at the VA Hospital. (*See* ECF No. 7 (Declaration of Adam Calendrillo ("Calendrillo Decl.") ¶ 4)). Given her position at the VA Hospital at the time of the alleged incident, the U.S. Department of Labor ("DOL") Office of Workers' Compensation Programs has made a preliminary determination that Plaintiff may be covered under Section 8101(1)(B) of the Federal Employee Compensation Act ("FECA") for injuries resulting from the incident. (*See id.*).

    To the extent Plaintiff is covered under FECA, she is not entitled to bring an FTCA action. 5 U.S.C. § 8116(c); *see Smith v. Brown*, 296 F. Supp. 3d 648, 660 (S.D.N.Y. 2017). Thus, on April 26, 2022, the parties entered a stipulation to stay the instant FTCA action for 90 days to give Plaintiff time to file a FECA claim and for the DOL to make a final determination about Plaintiff's coverage under FECA. (*See* ECF No. 14). The parties also agreed to submit a status update to the Court on or before July 25, 2022, regarding whether the Plaintiff had filed a FECA claim and whether the DOL had rendered a determination of coverage thereupon. (*Id.*). The Court stayed the case until October 24, 2022. (*See* ECF No. 15). Thereafter, the parties continued to request, and the Court continued to grant, extensions of the stay so that Plaintiff could file a FECA claim. (*See* ECF Nos. 17-27).

On December 15, 2023, Plaintiff notified the Court that she had filed a FECA claim with the DOL. (*See* ECF No. 28). Her claim stated that she sustained an injury on March 18, 2021, which resulted when she was leaving the bathroom at the VA Hospital. On February 6, 2024, the Court directed the parties to file a joint status letter proposing next steps in this case. (ECF No. 29).

As outlined in the parties' February 16, 2024 letter, on January 2, 2024, the DOL sent Plaintiff a letter requesting additional information to support her claim. (*See* ECF No. 30). On January 10, 2024, the DOL sent Plaintiff another letter, which explained that Plaintiff's claim failed to provide information or documentation sufficient to support her claim and provided specificity regarding the evidence needed. (*See id.*). The letter requested that Plaintiff complete a questionnaire concerning the nature of her relationship with the VA and that she provide a report from her attending physician to help establish the medical portion of her claim. (*See id.*). The letter noted that Plaintiff's claim would be held open for 60 days from the date of the letter, until March 10, 2024, to afford her an opportunity to submit the requested information. (*See id.*).

However, on February 7, 2024, Plaintiff notified the DOL that she never received the January 10, 2024 letter. Accordingly, the DOL resent the letter to her on February 9, 2024. Thereafter, the DOL notified Plaintiff that it would hold her claim open for 60 days following February 9, 2024. Accordingly, Plaintiff had until April 9, 2024 to submit the information and documentation requested by DOL. At present, the DOL has not rendered a determination on Plaintiff's FECA claim.

Accordingly, the parties respectfully request that the Court stay this action for an additional 30 days, until May 16, 2024, which will give the DOL time to adjudicate Plaintiff's FECA claim.

We thank the Court for its consideration of this request.

**Application GRANTED.**

**SO ORDERED.**

_____
Ona T. Wang          4/16/24
U.S.M.J.

Respectfully,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By:  */s/ Tara Schwartz*_____
TARA SCHWARTZ
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2633
Email: Tara.Schwartz@usdoj.gov

cc: Plaintiffs' Counsel of Record (By ECF)
    Joshua Greenberg, Esq. (By Email)